NO. 07-02-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 11, 2003
_____

IGNACIO LARA LUCIANO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13258-9812; HON. JACK R. MILLER, PRESIDING
_____

***ABATEMENT AND REMAND***

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Ignacio Lara Luciano (appellant) appeals pro se, his conviction for tampering with governmental records. The clerk's record was filed on November 18, 2002. The reporter's record was filed on January 15, 2003. Thus, appellant's brief was due on February 14, 2003. However, one was not filed on that date. By letter dated February 24, 2003, we notified appellant of the expired deadline and directed him to respond to our notification of same by Thursday, March 6, 2003, or the appeal would be abated to the trial court

pursuant to TEX. R. APP. P. 38.8. March 6, 2003, passed without appellant submitting his brief or otherwise responding to our letter.

Consequently, we abate this appeal and remand the cause to the 64th District Court of Hale County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant is indigent; and,

3.  whether appellant is entitled to appointed counsel.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and is entitled to appointed counsel, then we further direct the court to appoint counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before April 10, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before April 10, 2003.

It is so ordered.

Per Curiam

2

Do not publish.